**UNITED STATES of America,
Plaintiff,**

v.

**Robert ALBRECHT and Marion
Albrecht, Defendants.**

**Civ. No. 4758.**

United States District Court,
D. North Dakota,
Northeastern Division.

Oct. 5, 1973.

Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Robert Q. Price, Price & La Qua, Langdon, N. D., for defendants.

MEMORANDUM OF DECISION

BENSON, Chief Judge.

This is an equitable action. The United States of America, as plaintiff, is asking that the defendants be required to fill certain drainage ditches, and that they be permanently enjoined from further drainage or ditching of the area in question.

The Court finds:

1. On the 25th day of September, 1964, the defendants' immediate predecessors in interest, for a consideration of Six Hundred Dollars ($600.00), conveyed an easement over the NE ¼, Section 21, Township 160N, Range 62W, Cavalier County, North Dakota, to the United States of America, acting by and through the Secretary of the Interior, United States Fish and Wildlife Service, Bureau of Sport Fisheries and Wildlife. The easement was recorded in the office of the Register of Deeds of Cavalier County, on the 7th day of December, 1964.

2. The easement provided the right of use in perpetuity for the maintenance of land for a waterfowl production area, and under the terms of the easement, the grantors:

". . . for themselves and for their heirs, successors and assigns, covenant and agree that they will cooperate in the maintenance of the aforesaid lands as a waterfowl production area by not draining or permitting the draining . . . of any surface water including lakes, ponds, marshes, sloughs, swales, swamps, or potholes . . . ."

3. The land covered by the easement is an excellent waterfowl production area. The defendants are the present owners, having acquired ownership by warranty deed dated and recorded June 26, 1967. At the time the defendants took title, they had actual and constructive notice of plaintiff's interest.

4. In late 1969, the Bureau of Sport Fisheries and Wildlife discovered, by aerial survey, that certain lands in the area, including the NE ¼, Section 21, Township 160N, Range 62W, had been ditched for drainage purposes. This drainage was confirmed by additional aerial photos taken on April 7, 1970.

5. The defendants permitted the drainage of surface waters, accumulating from natural causes, from the bottom of the potholes and sloughs served by the ditches that were dug on the subject land. These ditches significantly reduced the capability of the land for waterfowl production.

Agents of the Bureau of Sport Fisheries and Wildlife requested the defendants to have the ditches filled and the land restored to the condition that existed before the ditching. Defendants have neglected and refused to do so, and the ditches have remained open.

6. An irreparable injury has been done to the interest of the plaintiff.

From the foregoing facts, the Court concludes that defendants acquired ownership in the land subject to the plaintiff's easement, and have violated the terms of the easement by permitting the drainage of natural surface water from the land subject to the easement. Defendants having caused the plaintiff an irreparable injury, the plaintiff has no adequate remedy at law.

The defendants have asserted numerous defenses, all of which are without merit, and the Court will comment only on the defendants' principal contentions.

Defendants take the position that the plaintiff's easement is not one of the type specifically enumerated by the statutes of the State of North Dakota, and that even if it is construed as an easement, it is an easement in gross, not binding on the defendants as successors in title to the original grantors of the easement.

The program under which the United States acquired its easement rights here is authorized under 16 U.S.C. § 718d, and it is national in scope. It serves a public purpose, which is to preserve waterfowl production areas by acquiring interests in small wetland and pothole areas. The instrument which created the easement described it as ". . .

an easement or right of use for the maintenance of the land . . . as a waterfowl production area in perpetuity . . .". The grantors covenanted ". . . for themselves and for their heirs, successors and assigns . . . that they will cooperate in the maintenance of the . . . lands as a waterfowl production area by not draining or permitting the draining of any surface water . . . now existing or reoccuring due to natural causes . . . ."

■ The easement created no burden on the land except that the landowners in their use of the land covered by the easement may do nothing to disturb the natural state of the wetland and pothole areas. The only other burden imposed was that authorized representatives of the United States have access to those areas.

16 U.S.C. § 718d specifically authorizes the Secretary of the Interior to acquire ". . . small wetland and potholes areas, interests therein, and rights-of-way to provide access thereto".

This Court would construe the law to mean that the United States may acquire something less than a fee title. In this case, it acquired an interest which it termed an easement. It is clear that the parties intended it to be a permanent interest. It appears to this Court to be immaterial what term is used to describe the interest acquired. To attach a label to it and then apply a rule of law applicable to that label that would wholly defeat the purpose of the program cannot be permitted. The Supreme Court of the United States, in addressing itself to this issue, has held that:

". . . in a setting in which the rights of the United States are at issue in a contract to which it is a party and 'the issue's outcome bears some relationship to a federal program, no rule may be applied which would not be wholly consistent with that program.'" United States v. Little Lake Misere Land Company, Inc., 412 U.S. 580, at 602, 93 S.Ct. 2389, at 2402, 37 L.Ed.2d 187, decided June 18, 1973.

■ Defendants also contend that they had prior rights to the premises, and that the plaintiff took its interest subject to those rights. This claim is based on the fact that at the time the plaintiff acquired its interest, the defendants were in possession of the premises under a farm lease. Subsequently, the defendants purchased the property from their lessors, who were also the plaintiff's grantors herein. The Court has examined the lease, and finds there was nothing therein giving the defendants the option or right to purchase the premises. Therefore, any prior rights which the defendants had existed only under the lease, and were extinguished when the lease terminated. The plaintiff acquired its interest on September 25, 1964. The defendants had actual and constructive notice of that interest when they acquired title to the premises on June 26, 1967. By acquiring ownership of the premises on June 26, 1967, defendants' lease was terminated by operation of law. *See* Section 47–16–14(3) N.D.C.C. Defendants' title was acquired subject to the prior interest of the plaintiff.

It is ordered that judgment be entered requiring the defendants to forthwith confer with representatives of the Bureau of Sports Fisheries and Wildlife and then within a time limit acceptable to the Bureau, restore the premises to the conditions that existed prior to the ditching, and

It is further ordered that the defendants be permanently enjoined from draining, or permitting the draining, of the marshes, sloughs, swales, and potholes on the above described real estate, by ditching or by any other means.